In the Matter of DENNIS J. LIVADAS, an Attorney, Respondent. MONROE COUNTY BAR ASSOCIATION, Petitioner.

Fourth Department, December 13, 1973.

*Bruce E. Hansen* for petitioner.

*Mitchell T. Williams* and *James W. Richards* for respondent.

*Per Curiam.* The respondent, admitted to practice in this Department on May 22, 1946, has been charged by the Monroe County Bar Association in a petition dated March 30, 1972 with neglecting legal matters entrusted to him in two separate and unrelated instances and with failing to co-operate with petitioner association in its investigation of complaints against him.

We find that respondent did fail in one instance to file timely Federal estate and State estate tax returns when retained by a widow to represent her husband's estate. Although respondent was retained in 1965, the returns were not filed until 1971 and such filing occurred only after the matter had been referred to the Grievance Committee of petitioner Bar Association. The

record further reveals that there was no Federal estate tax due and that respondent paid all interest and penalties with respect to the State estate tax. We conclude that respondent violated canon 6 of the Code of Professional Responsibility (DR 6–101 [A] [3]). The second charge relates to respondent's failure to file timely Federal, State and New York City income tax returns for the year 1969 for a client who had retained him for that purpose in 1969. The client visited the respondent's office on February 28, 1970 and brought with her all her tax information. The returns were not filed until long past due and then were filed only after a complaint had been made to petitioner Bar Association. In this connection the respondent neglected to answer his client's inquiries and gave untrue explanations and reasons for his delay in filing her returns. Although respondent subsequently paid the penalties and interest after the Bar Association's intervention, we conclude that his conduct constituted neglect of a legal matter entrusted to him in violation of canon 6 of the Code of Professional Responsibility (DR 6–101 [A] [3]). Respondent's dilatory service of these matters breached his professional responsibility which every lawyer owes his clients. Although the client suffered no monetary loss, respondent's conduct cannot be condoned.

The final charge alleges that respondent failed to co-operate and assist the Professional Performance Committee of the Monroe Bar in its investigation of complaints against him. It is a function of the organized Bar to police and regulate the conduct of members of the legal profession. Respondent was tardy in responding to inquiries of the volunteer lawyers serving as members of the committee regarding several complaints against him. Respondent did eventually respond after several reminders. Respondent's conduct caused petitioner's committee some additional extra effort and time. We do not find, however, that such conduct constituted a violation of canon 1 of the Code of Professional Responsibility (DR 1–102 [A] [5] [6]). Such dilatory attitude is relevant and does bear upon the first two charges in the petition.

We conclude that respondent's conduct warrants that he be censured.

DEL VECCHIO, J. P., MARSH, MOULE, CARDAMONE and SIMONS, JJ., concur.

Order entered censuring respondent.